# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERRELL LAMAR SMITH**                                                                 **PLAINTIFF**

**V.**                             **NO. 4:23-CV-00715-JTK**

**SOCIAL SECURITY ADMINISTRATION**                      **DEFENDANT**

## ORDER

### I.  Introduction:

Plaintiff, Terrell Lamar Smith ("Smith"), applied for Title II disability benefits on March 17, 2021. (Tr. at 10). In the application, Smith alleged disability beginning on October 11, 2019. *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Smith's application by written decision dated April 4, 2023. (Tr. at 10-22). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-6).

The ALJ's decision now stands as the final decision of the Commissioner, and Smith has requested judicial review. For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

### II.  The Commissioner's Decision:

The ALJ found that Smith had not engaged in substantial gainful activity since

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

the alleged onset date of October 11, 2019.[2] (Tr. at 13). At Step Two, the ALJ found that Smith had the following severe impairments: migraine headaches, patellofemoral pain syndrome, post-traumatic stress disorder (PTSD), and anxiety. *Id*.

At Step Three, the ALJ determined that Smith's impairments did not meet or equal a listed impairment. (Tr. at 13-15). Before proceeding to Step Four, the ALJ determined that Smith had the residual functional capacity ("RFC") to perform work at the light exertional level, with some additional limitations: (1) limited to work environments involving normal conversation levels of 60 decibels or less due to headaches; (2) only simple, routine, repetitive tasks with the ability to make simple decisions; and (3) only occasional interaction with coworkers, supervisors, and the public. (Tr. at 15).

At Step Four, the ALJ determined that Smith is unable to perform any past relevant work. (Tr. at 20). Utilizing the testimony of a Vocational Expert ("VE"), the ALJ next determined that, based on Smith's age, education, work experience,

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

and RFC, he was able to perform a number of jobs in the national economy. (Tr. at 20-22). Therefore, the ALJ concluded that Smith was not disabled. *Id*.

### III.  Discussion:

  A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

3

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Smith's Arguments on Appeal

Smith contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that: (1) the ALJ erred by failing to consider or discuss Smith's Veterans Affairs Permanent Disability Rating; and (2) the ALJ erred by failing to even mention multiple medical opinions. The Court agrees that the ALJ erred.

Smith served for 18 years in the armed service. (Tr. at 573). His main health concerns were patellofemoral syndrome, migraine headaches, and PTSD. He treated these conditions throughout the relevant time-period although his treatment pre-dated that period. Knee examinations showed tenderness and pain with abnormal right knee flexion. (Tr. at 485). Records showed that, in spite of treatment with Imitrex, Smith continued to experience headaches, throbbing, and pain, exacerbated by physical activity. (Tr. at 470-472). He had sensitivity to light and changes in his vision. *Id*. Headaches would last one-to-two days, multiple times per month. *Id*.

Smith met the criteria for PTSD, including irritable behavior, hypervigilance,

4

problems with concentration, and sleep disturbances. (Tr. at 488-489). He had been written up for arguments with coworkers and falling asleep at work. (Tr. at 485-486). He continued to have nightmares. (Tr. at 1038). Smith's mood was often depressed. (Tr. at 1370). He treated with psychotropic medication, which was only marginally effective. (Tr. at 17).

Dr. Leroy Q. Booe, Jr., a doctor with the Department of Veterans Affairs ("VA"), completed a medical source questionnaire on June 20, 2018, about Smith's lower extremity issues. (Tr. at 474-484). Dr. Booe did range of motion and muscle strength testing. *Id*. He wrote that Smith had daily bilateral knee pain. *Id*. Smith was noted to have flare ups. *Id*. Dr. Booe noted that Smith used a knee brace. *Id*. Dr. Booe said that Smith would have a limited capacity to stand and walk and could only sit or stand for 30 minutes at a time. *Id*. He also said that he could walk only one-to-two miles and would have to avoid squatting and climbing. *Id*.

The ALJ did not even mention this opinion.[3] The VA records from 2017

---

[3] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

forward support Dr. Booe's conclusions. And Dr. Booe listed specific functional restrictions. The ALJ should have discussed this opinion, especially because Dr. Booe issued functional restrictions with his opinion, which goes directly toward an RFC assessment.

Moreover, the ALJ did not discuss the opinion of Dr. David Chandler, also with the VA. Dr. Chandler filled out a function assessment for headaches on October 22, 2018. (Tr. at 470-474). He noted Smith's headache pain and sensory sensitivity, as well as listing the frequency and duration of the headaches. *Id*. He said the frequency of headaches was more than one per month, with each headache lasting 1-2 days. *Id*. He then indicated that Smith would be absent from work 2-3 days due to headaches (unclear if that meant per month or per week). *Id*. The ALJ was obliged to discuss these functional restrictions, or to inquire further of Dr. Chandler. He did not.

The ALJ also found unpersuasive the opinion of the mental health consultative examiner, Dr. Patricia Griffen. (Tr. at 19). She evaluated Smith on April 19, 2022. (Tr. at 1215-1219). She noted PTSD, irritability, mood swings, and the need for reminders to complete daily tasks. *Id*. She gave specific functional restrictions that limited Smith's capacity to complete tasks, cope with mental demands of work, and keep pace. *Id*. The ALJ did not give sufficient reasons for discounting this opinion,

6

which was consistent with the medical record.

Finally, the ALJ did not even mention Smith's VA rating (service disability). Smith was medically discharged after 18 years with a 100% VA disability rating. (Tr. at 233-238). While another agency's findings about disability are not binding on the Commissioner, an ALJ needs to at least show that he considered it.[4] The ALJ did not do so here.

The VA records were important to this case, and the ALJ glossed over Smith's veteran status and the VA records. He failed to fully and fairly evaluate the record as a whole.

### IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ omitted a discussion of important medical records and opinions. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 24th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] *Morrision v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998).