# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

TERRELL LAMAR SMITH                                                                          PLAINTIFF

v.                          Case No. 4:23-CV-00715-JTK

MARTIN O'MALLEY,                                                     DEFENDANT
Commissioner of the
Social Security Administration

## ORDER

Pending before the Court is Plaintiff Terrell Smith's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. No. 17) Mr. Smith requests an award of fees in the amount of $10,197.95; costs of $402; and expenses of $32.28. (Doc. Nos. 17, 23) That total includes fees for 39.6[1] attorney hours at an hourly rate of $243.13 and 5.7 paralegal hours at a rate of $100 for work performed in 2023 and 2024. (Doc. Nos. 17, 23) In the Commissioner's response, he concedes that a fee award is appropriate but objects to the total hours expended on the case. (Doc. No. 22) He argues that Mr. Smith's fees should not exceed $5,477.30, plus costs and expenses. Based on the discussion below, Mr. Smith's motion is GRANTED in part and DENIED in part.

## DISCUSSION

The EAJA permits this Court to award attorney's fees and expenses to a prevailing party unless this Court finds that the Commissioner's position "was substantially justified or that special circumstances would make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Mr. Smith must demonstrate that he is a prevailing party by submitting an application for fees and expenses within

---

[1] In the EAJA petition, Mr. Smith requests fees for 35.3 attorney hours. Subsequently, he requests compensation for an additional 4.3 hours that include reviewing the Commissioner's response to the petition, researching and drafting the reply, and reviewing and editing the reply.

1

thirty days of the entry of the final judgment. *Id.* § 2412(d)(1)(B). That application shall specify the amount sought and the hourly rates charged. *Id.* He shall also allege that the position of the Commissioner was not substantially justified, *id.*, and that he had a net worth of less than $2,000,000 when he filed the complaint. *Id.* § 2412(d)(2)(B). The Court has thoroughly reviewed the parties' submissions and the case record and finds that an award of attorney fees is proper under the EAJA, which the Commissioner does not contest.

The EAJA also provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Mr. Smith requests an hourly attorney rate of $243.13 based on a rise in the cost of living, and he submitted Consumer Price Index (CPI) data, which is produced by the Bureau of Labor Statistics, to support his request. This District recognizes the CPI as sufficient proof to demonstrate an increase in the cost of living. *See Potter v. Kijakazi*, No. 4:21-CV-00945-LPR, 2023 WL 4086306, at *1 (E.D. Ark. June 20, 2023). Mr. Smith also requests an hourly paralegal rate of $100. The Commissioner does not oppose the requested hourly rates, and the Court, thus, finds that they are reasonable.

The Commissioner does, however, object to the number of hours spent working the case. Accordingly, the Commissioner argues that those hours should be reduced. He first contends that all work for clerical tasks should be reduced to 0.6 hours. Those tasks include discussing the status of a debt check; preparing a representation agreement, civil cover sheet, and a letter to the Clerk; bookmarking and converting the transcript; executing a consent form; and reviewing various documents. In his reply, Mr. Smith disagrees and states that his counsel's billing should not be reduced for those tasks.

A full review of Mr. Smith's itemized ledger reveals that some entries were assigned nominal time values. Although those tasks are not totally clerical, they are typical or routine in nature for social security cases and do not require much preparation or review time. *See Theis v. Astrue*, 828 F. Supp. 2d 1006, 1009–10 (E.D. Ark. 2011). For that reason, the following entries will be reduced further:

| | | |
|---|---|---|
| 06/14/2023 | Files received, reviewed, and processed from referral source for attorney review | 0.6 to 0.3 (P) [2] |
| 06/14/2023 | Telephone call with Client re: completion of federal debt check, explained EAJA | 0.4 to 0.1 (P) |
| 07/19/2023 | FDC contract other rep documents prepared for Client Completion | 0.6 to 0.1 (P) |
| 07/19/2023 | FDC contract and other rep documents returned via AssureSign, reviewed for completion | 0.3 to 0.1 (P) |

Similarly, the Court will reduce the paralegal time for compiling and bookmarking the transcript from 1.5 hours to one hour, which is a reduction of 0.5. Neither does the drafting of the cover sheet and letter to the Clerk usually require much effort, but here, those tasks are included with the drafting of the complaint. Consequently, the Court will not disturb the award of 0.4 hours, considering the usual nominal amount awarded for those typical tasks in this District is 0.5 hours. *See Bane v. Kijakazi*, No. 4:22-CV-00464 PSH, 2023 WL 3306764, at *2 (E.D. Ark. May 8, 2023). Likewise, the Court will not reduce the five entries involving the review of notices, the scheduling order, the magistrate consent, and the motion for a time extension because each of the entries request the nominal amount of 0.1 hours. *See id.* As to the Commissioner's first set of reduction requests, the Court will reduce the total paralegal hours by 1.8.

---

[2] (P) = Paralegal and (A) = Attorney.

The Commissioner contends next that this Court should reduce the time for reviewing the transcript and preparing the briefs to 20 hours. In response to the Commissioner's argument, Mr. Smith states that counsel's time spent reviewing the record is reasonable and that the cases relied on by the Commissioner are distinguishable, given the size of the record; the fact intensive issues; and the Administrative Law Judge's serious missteps in this case. The following entries are recorded:

| Date | Description | Hours |
|---|---|---|
| 10/17/2023 | Preliminary review of transcript – assign attorney writer | 0.5 (A) |
| 10/23/2023 | Begin review of CAR, take notes, organize facts | 8.4 (A) |
| 10/26/2023 | Finish review of CAR, drafting procedural history and facts | 8.6 (A) |
| 10/27/2023 | Researching issues and drafting arguments | 8.4 (A) |
| 10/30/2023 | Peer attorney review of draft brief, suggest edits | 0.8 (A) |
| 10/30/2023 | Implement suggested edits, finalize and file brief | 0.3 (A) |
| 01/02/2024 | Review Defendant's brief (14 pp.), assess for reply | 0.3 (A) |
| 01/10/2024 | Review CAR, briefs, draft Plaintiff's reply | 4.8 (A) |
| 01/11/2024 | Peer attorney review of draft reply, suggest edits | 0.3 (A) |
| 01/11/2024 | Implement suggested edits, finalize and file reply | 0.2 (A) |

These entries total 32.6 hours.

Certain factors that courts consider in awarding reasonable attorney's fees include "the novelty and difficulty of questions involved; the skill required to handle the problems presented; . . . [and] the attorney's experience, ability, and reputation." *Zabawa v. Colvin*, No. 3:14-CV-3068-MEF, 2016 WL 164625, at *1 (W.D. Ark. Jan. 13, 2016). Additionally, "[t]here is precedent in this District for a finding that 15–20 hours is a reasonable amount of time for preparing a typical appeal brief." *Bane,* 2023 WL 3306764, at *1.

The record in this case consists of 1,532 pages, which is extensive, but the substantive issues were narrow and not all that complex. Yet, the Court does recognize that Mr. Smith's counsel did not represent him at the administrative level and that counsel had to review those proceedings for adequate representation in this Court. Considering that but also given counsel's expertise and the practice of social security in this District, the Court will reduce the total attorney hours by 7.6 to 25 hours, which is slightly above this District's typical range and is still in line with *Bane*. This total encompasses time for drafting both the merits and reply briefs.

Further, the Commissioner states that spending 2.1 hours on preparing Mr. Smith's EAJA petition was excessive and requests for those hours to be reduced to 1.5 hours. Mr. Smith points out that his counsel's firm practices social security cases nationally and must attend to the jurisdictional differences in the firm's EAJA petitions. The Court agrees with the Commissioner, considering that this is not Mr. Smith's counsel's first time practicing in this jurisdiction and that this Court typically awards 1.5 hours for drafting an EAJA petition. *See, e.g.*, *id.* at *2. The Court will therefore reduce the total paralegal hours by an additional 0.6.

Last, Mr. Smith requests an award of fees for the additional 4.3 hours it took to draft and edit the reply to the Commissioner's response to the EAJA petition. The Court will instead award three hours, thus, reducing the total attorney hours by 1.3. This award takes into consideration both the time it took to draft the reply in opposition to the Commissioner's response and counsel's extensive knowledge of the practice area.

## CONCLUSION

In summary, the award of attorney's fees is reduced by 8.9 attorney hours and 2.4 paralegal hours. Mr. Smith is entitled to fees for 30.7 attorney hours at an hourly rate of $243.13 and for 3.3 paralegal hours at an hourly rate of $100. Mr. Smith is therefore awarded attorney's fees in the

amount of $7,794.09; costs of $402; and expenses of $32.28 for a combined total of $8,228.37. Subject to any offset, payment by check to the order of Mr. Smith, in care of his attorney, will issue to his attorney.

For the foregoing reasons, Mr. Smith's motion is GRANTED in part and DENIED in part.

SO ORDERED THIS 21st day of August, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE